ACCEPTED
13-15-00261-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/22/2015 4:11:56 PM
Dorian E. Ramirez
CLERK

## NO. 13-15-00261-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/22/2015 4:11:56 PM
DORIAN E. RAMIREZ
Clerk

IN THE THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS

**HIDALGO COUNTY, TEXAS,**
*Appellant*

v.

**MICHAEL CALVILLO, AND ROSA RIVERA, INDIVIDUALLY, AND AS NEXT OF FRIEND OF LUIS ESPINOZA AND AARON CALVILLO, MINORS,**
*Appellees*

APPEAL FROM CAUSE NO. C-8615-14-A
92ND JUDICIAL DISTRICT COURT OF HIDALGO COUNTY, TEXAS
HON. LUIS M. SINGLETERRY, PRESIDING

## APPELLANT'S REPLY BRIEF

Miguel "Mike" Ruiz
State Bar No. 24079252

LAW OFFICES OF PRESTON HENRICHSON, P.C.
222 W. Cano
Edinburg, Texas 78539
(956) 383-3535
(956) 383-3585 (fax)
eservices@henrichsonlaw.com

*Counsel for Appellant, Hidalgo County, Texas*

**INDEX OF AUTHORITIES**

**Cases**

*City of Pasadena v. Belle*,
 297 S.W.3d 525 (Tex. App. 2009)……………………………….…………. 3, 4

*Tex. Dep't of Pub. Safety v. Sparks* ,
    347 S.W.3d 834 (Tex. App.—Corpus Christi-Edinburg 2011, no pet.)……………………………………………………………………..2, 3

*Tex. Nat. Res. Conservation Comm'n v. IT-Davy,*
    74 S.W.3d 849, 854 (Tex. 2002)……………….. …………………………..3

**TO THE HONORABLE THIRTEENTH COURT OF APPEALS:**

Defendant-Appellant, (hereinafter "Hidalgo County") files this reply brief, replying to two issues raised by Plaintiffs-Appellees (hereinafter "Plaintiffs") in their Response. Hidalgo County once again asks this Court to reverse the trial court's denial of its First Amended Plea to The Jurisdiction and dismiss all claims against it with prejudice.

## REPLY TO FIRST ISSUES

1. **In Plaintiffs' Response to Hidalgo County's "emergency exception" argument, they complain that more evidence was required. (Response Brief Pg.19)**

Plaintiffs state that *Tex. Dep't of Pub. Safety v. Sparks*, 347 S.W.3d 834 (Tex. App. 2011) a case used by Hidalgo County in its Brief is distinguishable with the case at hand because in *Sparks* a "significant amount of evidence was involved." (Response Brief Pg.19) This argument does not make any sense because a quick examination of Hidalgo County's and Plaintiffs' respective *Statement of The Facts* will show that they are almost identical. *All parties agree to most of the facts*, specifically the most important fact, that is, that Hidalgo County was responding to an emergency call as set out in Plaintiffs' own *Statement of the Facts* and supported by Hidalgo County's evidence as set out in its original brief. (Response Pg.6) Furthermore, Sgt. Glen Mendoza's Fleet Accident Report states that the emergency lights and sirens were activated; subsequently pursuant

2

*Sparks* the burden of evidence shifts to Plaintiffs as set out in Hidalgo County's original brief. (CR46-47) Plaintiffs did not offer any evidence to raise an issue of fact as to recklessness, therefore the emergency exception applies and Hidalgo County retains it governmental immunity.

Moreover, a plea to the jurisdiction based upon immunity, provides a process to prevent unnecessary discovery costs which ultimately are borne by the tax payers. As stated by the Supreme Court:

> Subjecting the government to liability may hamper governmental functions by shifting tax resources away from their intended purposes toward defending lawsuits and paying judgments. See *Krent*, 45 VAND. L. REV. at 1537 n.23. Accordingly, the Legislature is better suited than the courts to weigh the conflicting public policies associated with waiving immunity and exposing the government to increased liability, the burden of which the general public must ultimately bear. Federal Sign, 951 S.W.2d at 414 (Hecht, J., concurring); *Guillory v. Port of Houston Auth.*, 845 S.W.2d 812, 813 (Tex. 1993).

*Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002)

## REPLY TO SECOND ISSUE

2. **In Plaintiffs' Response to Hidalgo County's "good faith" official immunity defense, Plaintiffs once again complain that more evidence is required to show that the Hidalgo County officer acted as a reasonably prudent officer would at the time he received the emergency call. (Response Brief Pg.17)**

Plaintiffs' offered *City of Pasadena v. Belle*, 297 S.W.3d 525 (Tex. App. 2009) as case law to support their assertion that Hidalgo County is required to present more evidence to support the "good faith" element in their official

3

immunity defense. (Response Brief Pg.17) As stated by Plaintiffs in their Response, *City of Pasadena* dealt with a "**possible**" hostage situation. *Id.* Where an officer "**did not** activate his vehicle's emergency lights or siren." *Id.* at 29. The *City of Pasadena's* analysis inquired as to whether the officer's presence was necessary to protect a hypothetical hostage (at least at the time the officer acted) from "possible" injury or death. The whole analysis was based on a *what if scenario.* Moreover, the officer involved in the accident was allegedly speeding **without** his sirens and lights on. *City of Pasadena v. Belle*, at 529, 532.

In the case at hand, Hidalgo County was responding to an <u>actual ongoing</u> situation where a known gang member wanted for capital murder barricaded himself and began shooting an estimated 500 rounds, actually shooting two officers. (CR41-42) App.Tab.No.13 App.Tab.No.13 This altercation did not take place in an open field in the middle of nowhere, it took place in the middle of a neighborhood in La Joya, Texas. (CR39-42) Moreover, Hidalgo County's officer did have its lights and sirens on. (CR46-47)

The element of "good faith" was the only element of Hidalgo County's official immunity's argument in dispute. All the evidence offered by Hidalgo County establishes said element, therefore Hidalgo County has established a prima facie showing of good faith as set out in original brief. Again, Plaintiffs did not offer any evidence <u>at all</u> to dispute said showing. Therefore official immunity is

4

retained by the officer Olivarez and Hidalgo County in turn retains its governmental immunity.

## CONCLUSION AND PRAYER

Plaintiffs offered no evidence to contradict Hidalgo County's evidence that Olivarez was responding to an emergency call. Plaintiffs fail to offer any evidence to show Olivarez actions were not in compliance with the laws and ordinances applicable to emergency action (and that such non-compliance was reckless). Furthermore, Olivarez acted in good faith, therefore Hidalgo County retains its sovereign (governmental) immunity via derivative immunity. Accordingly, Hidalgo County prays that this Court reverse the trial court's ruling and grant Hidalgo County's First Amended Plea to the Jurisdiction and dismiss Plaintiffs' claims with prejudice.

Respectfully submitted,

*/s/ Mike Ruiz*

Miguel "Mike" Ruiz
State Bar No. 24079252
LAW OFFICES OF PRESTON HENRICHSON, P.C.
222 W. Cano
Edinburg, Texas 78539
(956) 383-3535
(956) 383-3585 (fax)
E-Mail: eservices@henrichsonlaw.com

*Appellate and Trial Counsel for Hidalgo County, Texas*

5

## CERTIFICATE OF COMPLIANCE

In compliance with Tex. R. App. Proc. 9.4(i)(3), I hereby certify that this document contains 832 words, excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance and appendix. In calculating the word count, I have relied on the word count feature of Microsoft Office Word 2007.

*/s/ Miguel "Mike" Ruiz*

_____
Miguel A. Ruiz

## CERTIFICATE OF SERVICE

On October 22, 2015, in compliance with Texas Rule of Appellate Procedure 9.5, I served a copy of this response upon Appellees and all parties to the trial court proceeding through the electronic filing manager and/or e-mail.

*/s/ Miguel "Mike" Ruiz*

_____
Miguel A. Ruiz

Taylor Shipman
601 Sawyer Street, Suite 650
Houston, TX 77007
**E-Mail: taylor@lapezejohns.com**